UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RAMSEY BAINES, AKEEM MEALING

                                        Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICERS JOHN
DOE 1-6 (representing an unidentified police officers)

              Defendants. Defendants.

------------------------------------------------------------------------ x

**ECF CASE**

**COMPLAINT**

11-CV-2846 (KPC)

**Jury Trial Demanded**

## **PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  This case arises from an October 31, 2008 incident in which several members of the New York City Police Department ("NYPD") subjected plaintiffs to false arrest, excessive force, malicious prosecution, and fabricated evidence.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## **JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New

York's deliberate indifference to plaintiff's rights under federal law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

4. Plaintiffs are residents of the State of New York.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officers John Does 1-6 are members of the NYPD who were involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest. John Does 1-6 are liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of their fellow officers and subordinates. John Does 1-6 are sued in their individual capacities.

## STATEMENT OF FACTS

7. On October 31, 2008, in the vicinity of 18-24 148th Street, in Queens, New York, several police officers, seized and searched plaintiff without cause.

8. Subsequent to the seizure, the officers subjected plaintiffs to excessive force by handcuffing plaintiffs in an unreasonably tight manner causing marks on plaintiffs' wrists and interfering with plaintiffs' circulation.

9. After being placed under arrest, plaintiffs were taken to the Precinct.

10. Plaintiffs were later taken to Central Booking for further arrest processing and to await arraignment.

11. During this period, an officer or officers met with an Assistant District Attorney and misrepresented that plaintiffs had illegally possessed a weapon.

12. In the late evening of November 1, 2008, plaintiff were arraigned in Criminal Court, Queens County and released on their own recognizance.

13. On or about December 2008, after plaintiff Ramsey Baines and the NYPD defendants testified before the Grand Jury, the criminal charges maliciously filed against Plaintiff Baines by the police officers were dismissed.

14. On or about January 3, 2011, a criminal trial was completed in Queens County. At the conclusion of this trial, Akeem Mealing was acquitted of all charges. During this trial, the officers testified falsely about the location that a gun was allegedly found.

15. As a result of defendants' actions, plaintiffs experienced pain and physical injuries to his wrists, emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, loss of income, and damage to reputation.

**FEDERAL CLAIMS AGAINST POLICE OFFICERS JOHN DOES 1-6**

16. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-24 as if fully set forth herein.

17. The conduct of Police Officers John Does 1-6, as described herein, amounted to false arrest, excessive force, an illegal strip search, fabricated evidence, and malicious prosecution. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**FEDERAL CLAIM AGAINST THE CITY OF NEW YORK**

18. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-30 as if fully set forth herein.

19. The City of New York directly caused the constitutional violations suffered by plaintiff.

20. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police and correction officers, including the individual defendants, are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein.  Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor its officers and improperly retained and utilized them.  Moreover, the City of New York failed to adequately investigate prior complaints against its officers.

21. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:	April 27, 2011
	New York, New York

                              ROBERT MARINELLI, ESQ.
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 822-1427

                              /ss/
                              _____
                              ROBERT MARINELLI